# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL PORTER, | ) | |
|     Plaintiff, | ) | C.A. No. 10-100 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| RAYMOND SOBINA, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.**     **REPORT**

    **A.**     **Relevant Procedural History**

Plaintiff Marshall Porter, an individual incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this civil rights action on April 26, 2010.

On September 3, 2010, this Court issued an Order directing Plaintiff to provide the United States Marshal Service with proper directions of service for Defendants. [ECF No. 6]. After being informed by the United States Marshal Service ("U.S. Marshal") that Plaintiff had not fully cooperated in its efforts to serve Defendants, this Court issued an Order on December 6, 2010, requiring Plaintiff to provide the U.S. Marshal with the necessary address information and documentation to allow said Defendants to be served. [ECF No. 8]. The Order provided further that Plaintiff's failure to provide the necessary information to the U.S. Marshal on or before December 23, 2010, would result in this Court's recommendation that this case be dismissed for failure to prosecute. On January 18, 2011, this Court received a letter from the U.S. Marshal indicating that Plaintiff has still failed to provide the necessary service instructions in accordance with this Court's Orders.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that this case be dismissed for Plaintiff's failure to prosecute. For the past several months, Plaintiff has taken none of the necessary steps to have Defendants served in this matter. Further, Plaintiff has ignored an Order of this Court expressly stating that this case would be recommended for dismissal if he did not comply. Plaintiff is proceeding pro se and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d

Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: January 21, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge